UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE BENAVIDES FIGUEROA,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY, et al.,<br><br>Defendants. | Case No. 1:19-cv-00558-ADA-CDB<br><br>ORDER ON STIPULATION AMENDING SCHEDULING ORDER **AS MODIFIED**<br><br>(Doc. 82) |

On May 3, 2021, the Court entered a Scheduling Order consistent with the parties' jointly requested timeline to complete discovery – approximately 19 months for fact discovery, approximately 21 months for expert discovery and 23 months to file dispositive motions. Docs. 58, 59. Among other things, the Scheduling Order set forth:

> The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. <u>Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.</u>

Doc. 59 at 7-8.

Approximately eight months following the commencement of fact discovery (on January 28, 2022), the parties filed a joint report in which they represented that Defendants anticipated producing approximately 21,000 pages of documents within the week, that depositions were anticipated to proceed during the Spring and Summer of 2022, and that the parties did not

anticipate any modifications to the scheduling order.  (Doc. 75).

Approximately six weeks prior to the close of fact discovery (on October 28, 2022), the parties requested and the Court granted a three-month extension of all discovery, pretrial motion and trial dates.  (Docs. 79, 80).  Although the parties' stipulation was not accompanied by declarations as required by the Scheduling Order, the Court nevertheless granted the parties' request given that it was their first proposed amendment to the case management dates and the discovery plan the parties proposed amounted to only a modest extension.  The Court discounted the parties' characterization of one of the named defendants sought to be deposed – Robert Carbone – as a "busy attorney" as a basis for the extension, largely because it appeared, despite Mr. Carbone's schedule, he would be available for deposition well before the proposed extended date to complete fact discovery.

Pending before the Court now is the parties' second request to amend the case management dates.  (Doc. 82).  The parties seek an additional three-month extension in discovery dates, a four-month extension in motion filing dates, and a six-month extension in trial dates. Notwithstanding that fact discovery has been ongoing for approximately 20 months, the parties represent in their stipulation that they continue to request and produce documents and seek to undertake party depositions – including the deposition of Mr. Carbone, who the parties represent was not made available consistent with the availability the parties reported in their earlier stipulation and request for extension.

\*     \*     \*     \*     \*

"Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.  *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992).  As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co*., 795 F.2d 15, 18 (3rd Cir. 1986).  A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610. According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b).  If a party is unable to reasonably meet a

deadline despite acting diligently, the scheduling order may be modified. *Johnson*, 975 F.2d at 609. If, however, the party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609).

      Here, despite the parties' repeated assertions of having acted diligently, neither party ever has sought the Court's intervention to resolve issues that they now report are prompting them to seek a second extension of dates – including Mr. Carbone's unavailability to appear for deposition and Kern County's continuing efforts to respond to discovery demands.

      Based on the pleadings and the parties' representations in the stipulations seeking amendments to the case management dates, the extended period of time that was permitted for discovery in the original scheduling order, and the earlier grant of a three-month extension, the Court finds good cause to grant only a <u>45-day extension</u> of all discovery and pretrial motion dates and a larger extension of trial dates.

      Accordingly, based on the parties' representations in the stipulation and for good cause shown, IT IS HEREBY ORDERED that the scheduling order be amended as follows:

| Deadline | Current | Amended |
| --- | --- | --- |
| Discovery cut off: | 03/09/2023 | 04/24/2023 |
| Expert Disclosure: | 04/09/2023 | 05/24/2023 |
| Supp. Expert Disclosure: | 04/23/2023 | 06/07/2023 |
| Expert Discovery Cut Off: | N/A | 06/26/2023 |
| Non Dispositive Motion Filing: | 05/29/2023 | 07/12/2023 |
| Non Dispositive Motion Hearing: | 07/05/2023 | 08/23/2023 |
| Dispositive Motion Filing: | 07/10/2023 | 08/25/2023 |
| Dispositive Motion Hearing: | 09/05/2023 | 10/09/2023 |
| Pre-Trial Conference Date: | 01/15/2024 | 03/18/2024 |
| Trial | 03/12/2024 | 05/14/2024 |

      Further requests for discovery, motion or trial extensions are strongly discouraged and no

///

requests for extension will be granted without a showing of diligence by the parties and good cause.

IT IS SO ORDERED.

Dated:  **February 2, 2023**                    _____
                                                                       UNITED STATES MAGISTRATE JUDGE