UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE BENAVIDES FIGUEROA,<br><br>  Plaintiff,<br><br> v.<br><br>KERN COUNTY, *et al*.<br><br>  Defendants. | Case No. 1:19-cv-00558-ADA-CDB<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATED REQUEST TO MODIFY THE DISCOVERY SCHEDULE<br><br>(Doc. 90) |

Pending before the Court is the parties' request to modify the discovery schedule – the fourth such stipulated or unopposed request filed by one or more of the parties since October 28, 2022. (Doc. 90).

The case was scheduled on May 3, 2021. (Doc. 59). In their pre-scheduling conference joint report, the parties represented they would "work together to produce electronic, digital and/or magnetic data if such exists." (Doc. 58 at 8). Consistent with their joint request (*id*. at 7), the Court set a 19-month window for the parties to undertake and complete fact discovery. Shortly after entry of the initial scheduling order, the Court entered an amended order that preserved the previously scheduled case management dates without changes. (Doc. 63).

In advance of the mid-discovery status conference, on January 28, 2022, the parties filed a joint report in which they represented that they required no modifications to the scheduling order.

On October 28, 2022, the parties filed a stipulation for order continuing all discovery, pretrial motion and trial dates by approximately 90 days. (Doc. 79). Based largely on the parties' representations that they had undertaken discovery diligently but that additional time nevertheless was required because of the "huge breadth of topics and demands" before the depositions of Defendant County of Kern's Rule 30(b)(6) witnesses (*id.* at 1-2), the Court granted the parties' request for a 90-day extension of all case management dates. (Doc. 80).

Approximately three months later, the parties filed their second request for an even more expansive extension of all case management dates based on the continuing unavailability of defendant Robert Carbone to appear for deposition and due to the same "voluminous discovery at issue" that the parties relied upon for their earlier requested extension. (Doc. 82). Given the parties' failure to file any affidavits or declarations in support of their request as required consistent with the operative scheduling order, the Court reluctantly agreed to extend case management dates by six weeks. (Doc. 83).

One month later, Defendants filed an unopposed motion seeking a third extension of discovery dates but keeping the pretrial motion and trial dates unchanged. (Doc. 84). The Court granted the request. (Doc. 88).

Now, in their fourth, pending request for a further extension of case management dates – filed on the last business day before the close of fact discovery – the parties seek another three-month extension of all discovery, pretrial motion and trial dates. (Doc. 90). First, the parties report that certain unfinished discovery efforts remain ongoing: Defendant County of Kern is preparing to respond to Plaintiff's third set of interrogatories (served on Defendants on April 10, 2023) and the parties plan to complete a continued deposition of one of Defendant's Rule 30(b)(6) deponents on May 26, 2023 (ten days after the close of fact discovery). (*Id*. at 2). Second, counsel for Defendant County of Kern attests that his office learned on May 10, 2023, "that the Kern County District Attorney had located a cache of cassette tapes with labels that indicated they were related to the Benavides matter." (Doc. 90-1 at ¶ 5). As of the date of the filing of the parties' stipulated request for an extension of case management dates (May 12, 2023), counsel represents that cassettes currently are being processed and digitized.

2

Neither counsel in his declaration nor the parties in the stipulation provide any further information for the Court's consideration in determining whether good cause exists for the requested extension of case management dates. The parties' filings raise more questions than they answer. Among other things, based on the pleadings, it seems unfathomable that materials (such as the belatedly discovered cassette tapes) that counsel represents are "related to the Benavides matter" were not the subject of earlier discovery demands or production requirements such that, through reasonable diligence, they would have been discovered and produced before now.[1]

The Court commends Defendant County of Kern for seeking expeditious processing and review of the cassette tapes immediately after they were identified; however, the Court is in no position given the dearth of information before it to make the required good cause finding – two years into the period of now-closed fact discovery – to grant the parties' requested, fourth extension of case management dates.

Accordingly, it is HEREBY ORDERED that the date to complete non-expert discovery shall be extending to May 26, 2023, for the limited purpose of (1) requiring Defendant County of Kern time to respond to Plaintiff's third set of interrogatories, and (2) permitting the parties to complete a continued deposition of one of Defendant County of Kern's Rule 30(b)(6) deponents, currently scheduled for May 26, 2023.

It is FURTHER ORDERED that the parties' request for amendments to all other case management dates is DENIED.

Given counsel for Defendant County of Kern's representations that the cassette tapes addressed in the parties' stipulation are related to the "Benavides matter," notwithstanding the close of non-expert discovery for all but the two excepted discovery matters discussed above, the Court acknowledges Defendant (and/or its counsel) likely has statutory, rule-based and ethical obligations to complete the ongoing media processing described in the parties' stipulation and

---

[1] Thus, for instance, the parties previously represented to the Court that Plaintiff requested in October 2022 documents related to prior child molestation cases prosecuted by the District Attorney. (Doc. 82 at 2).

make available to Plaintiff any material deemed responsive to outstanding discovery demands. As explained above, the Court presently is unable to make a good cause finding for the requested discovery extension; that, however, does not relieve any party or counsel of complying with discovery obligations imposed by statute or rule.

In all other respects, the Second Amended Scheduling Order (Doc. 83) remains controlling. Further requests for discovery, motion or trial extensions are strongly discouraged and no requests for extension will be granted without a showing of diligence by the parties and good cause.

IT IS SO ORDERED.

Dated: **May 15, 2023**

UNITED STATES MAGISTRATE JUDGE