1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11    VICENTE BENAVIDES FIGUEROA,            Case No. 1:19-cv-00558-ADA-CDB

12                    Plaintiff,              ORDER ON JOINT MOTION MODIFYING
                                              THE SCHEDULING ORDER; VACATING
13          v.                                SETTLEMENT CONFERENCE

14    KERN COUNTY, *et al*.
                                              (Doc. 102)
15                    Defendants.

16                                            ORDER DENYING DEFENDANT COUNTY
                                              OF KERN'S REQUEST TO EXTEND
17                                            DEADLINE TO NOTICE REBUTTAL
                                              EXPERT WITNESSES
18
                                              (Doc. 100)
19

20          On April 29, 2019, Plaintiff Vicente Benavides Figueroa ("Plaintiff") initiated this action

21    with the filing of his complaint.  (Doc. 1).  "Thereafter, the parties embarked on an arduous

22    discovery journey in this complex matter."  (Doc. 92 at 2).

23          On May 12, 2023, the parties filed a stipulation for order extending by three months all

24    discovery deadlines due to difficulties completing interrogatories, depositions, and Defendant

25    County of Kern's then-recent discovery of aged cassette tapes related to this matter that the

26    parties represented were potentially discoverable and for which they required additional time to

27    review, transcribe, and produce.  (Doc. 90 at 2-4).  On May 16, 2023, the Court granted in part

28    and denied in part the stipulated request to modify the discovery schedule.  (Doc. 91).  One

1    month later (on June 15, 2023), the Court granted Defendant County of Kern's renewed

2    application (later joined by Plaintiff) for additional discovery extensions based on the belatedly

3    discovered cassette tapes.  (Doc. 96).  Relevant here, the Court granted a 90-day extension of the

4    deadline to make rebuttal expert witness disclosures – from July 12, 2023, to October 12, 2023.

5    *Id.* at 5.

6          Pending before the Court is (1) the parties' joint motion to extend case management dates

7    due to the unexpected unavailability of Plaintiff's expert witness to appear for deposition (Doc.

8    102), (2) the request to vacate the scheduling conference by all parties except Defendant City of

9    Delano (*id.*), and (3) Defendant County of Kern's motion to extend the deadline for making

10    rebuttal expert witness disclosures (Doc. 100), to which Plaintiff filed an opposition (Doc. 105).

11    On November 9, 2023, the Court convened the parties for a status conference to address the two

12    requests.  (Doc. 106).

13          Based on the Plaintiff's representations in the joint motion,[1] the Court finds good cause to

14    adopt the proposed amendments to the scheduling order (<u>as modified</u>) and shall order the case

15    management dates be amended accordingly.  The Court also finds based on Plaintiff's

16    representations in the motion (Doc. 102 at 8 & n.2) and the parties' statements during the status

17    conference that the settlement conference should be vacated.  However, for the reasons preserved

18    on the record during the status conference and further explained below, the Court shall deny

19    Defendant County of Kern's request for relief from the expired deadline to make its rebuttal

20    expert witness disclosures.

21          **Governing Legal Standard and Analysis**

22          District courts enter scheduling orders in actions to "limit the time to join other parties,

23    amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3).  Once

24    entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R

25    Civ. P. 16(d).  Scheduling orders are intended to alleviate case management problems.  *Johnson v.*

26

27          [1] Plaintiff represented in his motion that the proposed modifications to the scheduling
order were made "with the concurrence of all Defendants" (Doc. 102 at 2) and counsel for
28    Defendants affirmed their support for the modifications during the status conference.

1    *Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).  "A scheduling order is not a

2    frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without

3    peril." *Id.* (quotation and citation omitted).   Under Federal Rule of Civil Procedure 16(b), a

4    scheduling order "may be modified only for good cause and with the judge's consent." Fed. R.

5    Civ. P. 16(b)(4).  Accord, *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005)

6    ("Parties must understand that they will pay a price for failure to comply strictly with scheduling

7    and other orders").

8            "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party

9    seeking the amendment." *Johnson*, 975 F.2d at 609.  If the moving party is unable to reasonably

10   meet a deadline despite acting diligently, the scheduling order may be modified.  *Id*.  If,

11   however, the moving party "'was not diligent, the inquiry should end' and the motion to modify

12   should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002)

13   (quoting *Johnson*, 975 F.2d at 609).

14           Here, Defendant County of Kern argues that a *nunc pro tunc* extension of the expired

15   deadline for disclosing rebuttal expert witnesses is warranted because (1) counsel has been

16   unable to locate a forensic pathology rebuttal expert, (2) counsel only recently has been able to

17   locate a biomechanical rebuttal expert and that expert's drafting of his report is ongoing, and (3)

18   counsel has had limited time to timely complete rebuttal expert tasks due to a busy trial schedule.

19   (*See* Doc. 100, 100-1).

20           The Court acknowledges the challenges presented to timely completing rebuttal expert

21   disclosures due to counsel's impacted trial schedule and the limited availability of experts

22   qualified in the referenced subject matters.  However, counsel was not diligent in presenting the

23   challenge to either opposing counsel or the Court for timely resolution.  Thus, despite that

24   disclosure of rebuttal experts was due on October 12, 2023, counsel for Defendant County of

25   Kern first sought an extension of this deadline by email to opposing counsel *one week after* the

26   date had passed and did not seek relief from Court until more than *ten days later*.  (Doc. 100 at 1-

27   2).  Delaying a request for extension until after the case management date has expired is

28   inconsistent with the Court's Local Rules and contrary to the party's obligation to exercise due

diligence.  *See* Local Rule 144(d) ("Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent."); *Zivkovic*, 302 F.3d at 1087.

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that Defendant County of Kern's motion for an extension *nunc pro tunc* of the deadline to disclose rebuttal expert witnesses (Doc. 100) is DENIED.

It is FURTHER ORDERED that the scheduling order is amended as follows:

| | |
|---|---|
| **Expert discovery deadline** | January 18, 2024 |
| **Dispositive motion deadline** | February 14, 2024 |
| **Dispositive motion hearing** | April 1, 2024 (ADA) |
| **Pretrial Conference** | June 10, 2024 (ADA) |
| **Trial** | August 6, 2024 (ADA) |

It is FURTHER ORDERED that the settlement conference scheduled for November 27, 203 (Doc. 80) is VACATED.  The parties may jointly propose resetting a settlement conference before the undersigned by contacting the Courtroom Deputy Clerk.

IT IS SO ORDERED.

Dated:    **November 13, 2023**

_____
UNITED STATES MAGISTRATE JUDGE