UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE BENAVIDES FIGUEROA,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY, *et al*.<br><br>Defendants. | Case No. 1:19-cv-00558-NODJ-CDB<br><br>ORDER RE: DEFENDANT DR. JAMES DIBDIN'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST INSURERS<br><br>(Doc. 117)<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND FILE JOINT REPORT<br><br>**21-DAY DEADLINE** |

Pending before the Court is Defendant Dr. James Dibdin's ("Dibdin") motion for leave to file third-party complaint against insurers (Doc. 117), wherein Dibdin requests that the court grant him leave to file a third-party complaint against United National Insurance Company ("United National"), National Union Fire Insurance Company of Pittsburgh, PA. ("National Union"), American International Specialty Lines Insurance Company ("AISLIC"), and Fireman's Fund Insurance Company (Fireman's Fund") (hereinafter collectively, "Third-Party Defendants" or "Insurers") for all or part of Plaintiff Vicente Benavides Figueroa's ("Plaintiff") claims against Dibdin. *Id*. at 2. Plaintiff does not oppose the motion. *Id*. at 4. Defendants Kern County, Robert Carbone, Gregg Bresson, and Ray Lopez did not file a response to Dibdin's motion.

**Background**

On April 29, 2019, Plaintiff initiated this with the filing of his complaint. (Doc. 1). Plaintiff filed the operative third amended complaint on September 20, 2021, in which he raises the following claims: (1) false evidence violations under 42 U.S.C. § 1983, (2) joint action conspiracy under § 1983, (3) *Brady* violations under § 1983, (4) reckless investigation in violation of Plaintiff's due process right to a fair trial under § 1983, (5) *Monell* violations under § 1983, (6) respondeat superior and vicarious liability for negligent hiring, failure to train supervision, promotion, and retention under California Government Code § 815.2, (7) gross negligence, and (8) Bane Civil Rights Act claim under California Civil Code § 52.1. (Doc. 66).

On October 4, 2021, Dibdin filed an answer to the third-party complaint along with a crossclaim against Kern County. (Doc. 67). Dibdin's counterclaim seeks statutory indemnity against Kern County. *Id*. at 52-53. On December 20, 2023, Dibdin filed the instant motion for leave to file third-party complaint against insurers. (Doc. 117). Dibdin asserts claims for declaratory judgment, indemnification, and breach of contract. *Id*. at 18-19.

**Legal Standard**

Federal Rule 14 provides that "[a] defending party may as third-party plaintiff, serve a summons and complaint on a [non-party] who is or may be liable to it for all or part of the claim against. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1)

The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "[A] third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and the third-party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the

same transaction or set of facts as the original claim is not enough." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988).  The district court has discretion in determining whether a defendant should be granted leave to file a third-party complaint. *See Sw. Adm'rs*, 791 F.2d at 777.

In determining whether to permit impleader, the court must consider (1) potential prejudice to the original plaintiff, (2) complication of the issues at trial, (3) likelihood of trial delay, and (4) timeliness of the motion to implead. *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000).

**Discussion**

The Court has considered the factors set forth above and notes that at least one appellate court has approved of Rule 14's use in a Section 1983 lawsuit where the impleaded insurer refused to defend the state employee defendants in the underlying action. *See Colton v. Swain*, 527 F.2d 296 (7th Cir. 1975).  The Court there considered questions of Illinois state law and public policy that may or may not be relevant and/or applicable in the instant case. pursuant to Rule 14.  Other courts have come to different conclusions as to the propriety of impleading a party's insurer in an underlying lawsuit. *Cf. Waller v. Chevron USA, Inc.*, 630 F. Supp. 313, 318 (M.D. La. 1986) (determining the merits of the impleaded insurer's duty to defend "represents precisely the type of case for which Rule 14, Fed. R. Civ. P., was invented.") *with South Macomb Disposal Auth. v. Model Development, LLC*, No. 11-cv-12715, 2013 WL 607840, at *8 (E.D. Mich. Feb. 19, 2013) (striking third-party complaint under Rule 14 because impleading party's insurer would "interject more complication into this matter in light of the apparent difficulty the parties have had thus far in efficiently engaging in the discovery process.").

Before completing an analysis of the relevant factors and entering findings and recommendations on Defendant's motion – the granting of which inevitably would result in prolonging an already overlength litigation, reopening discovery and likely motion practice – the undersigned believes it prudent to invite the parties to confer with the relevant insurance parties to determine whether a settlement conference before an unassigned magistrate judge would be useful.

Accordingly, the Court shall direct the parties to confer among themselves and with the proposed Third-Party Defendants and file a joint report updating the Court on the results of their consultations.

**Conclusion**

For the reasons set forth above, IT IS HEREBY ORDERED, within 21 days of entry of this Order, the parties SHALL meet and confer jointly and with the Third-Party Defendants and file a joint report setting forth their respective positions regarding a settlement conference.

If all parties and the Third-Party Defendants are agreeable to a Court-convened settlement conference, the parties' joint report shall identify at least two dates of mutual availability during the months of March and/or April to convene with an unassigned magistrate judge for settlement conference.

IT IS SO ORDERED.

Dated: **January 31, 2024**

UNITED STATES MAGISTRATE JUDGE