UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE BENAVIDES FIGUEROA,<br><br>    Plaintiff,<br><br>    v.<br><br>KERN COUNTY, *et al.*<br><br>    Defendants. | No. 1:19-cv-00558-KES-CDB<br><br>ORDER DENYING COUNTY OF KERN'S MOTION FOR RECONSIDERATION OF DENIAL OF REQUEST TO EXTEND REBUTTAL EXPERT DISCLOSURE DEADLINE<br><br>Doc. 108 |

Plaintiff Vicente Benavides Figueroa ("Figueroa") brought this civil rights and negligence action against several defendants after the California Supreme Court vacated his criminal conviction. Plaintiff alleges that due to defendants' misconduct he served 25 years in prison for a crime he did not commit. The parties jointly moved for an order extending certain case management dates as plaintiff's expert witness was unavailable to appear for deposition due to unexpected medical reasons. Doc. 102. Defendant County of Kern ("County of Kern") separately moved, after the expiration of the rebuttal expert disclosure deadline, for a nunc pro tunc extension of that disclosure deadline (Doc. 100), which Figueroa opposed (Doc. 105).[1] The assigned magistrate judge granted the parties' joint motion, finding good cause to adopt the

---

[1] County of Kern was erroneously named in the third amended complaint as "Kern County." Doc. 66.

1

proposed amendments to the scheduling order, but denied County of Kern's separate motion to extend the rebuttal expert disclosure deadline. Doc. 107. The magistrate judge found that County of Kern's request for relief was untimely and that the County failed to demonstrate diligence. Doc. 107 at 3–4. Pursuant to Federal Rule of Civil Procedure 72(a), County of Kern moved for reconsideration of the magistrate judge's order as to the denial of the County's request to extend the rebuttal expert disclosure deadline. Doc. 108. For the reasons discussed below, the Court denies the motion for reconsideration.

## I. RELEVANT PROCEDURAL HISTORY

The first scheduling order in this case was issued on May 3, 2021. Doc. 59. It was modified several times pursuant to the parties' stipulations. Docs. 80, 83, 88, 91, 96. After the fourth such stipulated request, the assigned magistrate judge modified the discovery schedule in part, extending the date for non-expert discovery to permit the parties to complete limited discovery. Doc. 91. The magistrate judge otherwise denied the stipulation, not finding good cause to modify the remaining deadlines and warning the parties that further requests for extension were strongly discouraged and would not be granted absent a showing of diligence and good cause. Doc. 91 at 4.

One month later, County of Kern renewed an earlier request for an extension of time relating to the transcription of belatedly discovered aged cassette tapes (Doc. 92), and Figueroa and counsel for two other defendants joined in County of Kern's application (Docs. 94, 95). Finding good cause, the assigned magistrate judge granted the request and amended the scheduling order.[2] Doc. 96. Relevant here, the magistrate judge extended the deadline for rebuttal expert disclosures by an additional 90 days: from July 12, 2023, to October 12, 2023. *Id.* at 3. County of Kern failed to either identify rebuttal experts or move for an extension of the time to do so by the October 12, 2023 deadline.

On October 31, 2023, after the rebuttal expert disclosure deadline had passed, County of

---

[2] The new discovery deadlines were set as follows: Non-expert discovery: August 15, 2023; Expert disclosure: September 14, 2023; Rebuttal disclosure: October 12, 2023; and Expert Discovery cut-off: October 31, 2023.

2

Kern moved for a nunc pro tunc extension of that deadline, asserting that it needed additional time to identify a rebuttal expert. Doc. 100. Figueroa opposed County of Kern's request. Doc. 105. At the same time, the parties jointly moved for a brief extension of the expert discovery deadline and certain motion and trial-related dates, on account of Figueroa's expert witness needing to undergo unexpected medical treatment. Doc. 102 at 6. The joint motion requested that the proposed expert deadline apply only to those expert depositions that had been timely noticed by October 31, 2023, which was the expert discovery deadline under the then-existing scheduling order. *Id.* at 3, n.1.

Finding good cause as to the joint motion, the magistrate judge issued an order modifying the scheduling order as requested. Doc. 107. The magistrate judge denied County of Kern's separate request to extend the rebuttal expert deadline, finding that the request was untimely and that the County had failed to demonstrate diligence. *Id.* County of Kern timely objected to the magistrate judge's order. Doc. 108. The motion for reconsideration is fully briefed. Doc. 114 ("Opp'n"); Doc. 116 ("Reply").

## II. LEGAL STANDARD

A party may object to a magistrate judge's non-dispositive pretrial order within fourteen (14) days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A). The objecting party has the burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2009 WL 3613511, at *1 (N.D. Cal. Oct. 28, 2009).

A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)). "The 'clearly erroneous' standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters." *Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)). Under the "clearly erroneous"

standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the 'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. For S. Cal.*, 508 U.S. 602, 623 (1993).

### III.   ANALYSIS

County of Kern has failed to show that the magistrate judge's ruling was clearly erroneous or contrary to law. Nor has it demonstrated its diligence sufficient to warrant a modification of the rebuttal expert deadline.

"Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification." *Id.* "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to amend became apparent." *United States ex rel. Terry v. Wasatch Advantage Grp., LLC*, 327 F.R.D. 395, 404 (E.D. Cal. 2018) (cleaned up and citation omitted). "A party demonstrates good cause by establishing that, even with the exercise of due diligence, he or she was unable to meet the scheduling deadlines." *Zone Sports Center, LLC v. Rodriguez*, No. 1:11-cv-00622-SKO, 2016 WL 224093, at *4 (E.D. Cal. Jan. 19, 2016) (citing *Zovkovic v. So. Cal. Edison*, 302 F.3d 1080, 1087 (9th Cir. 2002).[3]

---

[3] Under Local Rule 144(d), "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action *as soon as the need for an extension becomes apparent*. Requests for Court-approved extensions brought on the required filing date . . . are looked upon with disfavor." L.R. 144(d) (emphasis added). Here, County of Kern failed to raise the issue with opposing counsel or seek an extension until after the October 12, 2023, rebuttal expert deadline had expired. *See* Doc. 107 at 3.

In its motion for reconsideration, County of Kern contends Figueroa would not be prejudiced by the county's late disclosure of rebuttal experts because there would be sufficient time for Figueroa to adjust his litigation strategy, pointing out that Figueroa would have been permitted two additional depositions under County of Kern's proposed revised schedule. Doc. 108 at 2–3.  County of Kern characterizes its failure to meet the October 12, 2023, deadline to identify a rebuttal expert as "harmless." *Id.* at 2.  However, County of Kern fails to establish good cause for its failure to timely disclose rebuttal experts or that it was diligent in seeking an extension of the disclosure deadline.

Notwithstanding the multiple prior extensions of the discovery deadlines in this case and the magistrate judge's warning that further requests for extension were strongly discouraged and would not be granted absent a showing of diligence and good cause, Kern County's proffered explanation to the magistrate judge failed to establish either showing.  County of Kern claimed that it was unable to timely disclose rebuttal experts because counsel was busy with other trials, the county litigation department was understaffed, and, despite "diligently searching for potential rebuttal experts," counsel had been unable to locate a rebuttal expert until after the deadline had passed. *Id.* at 3.  At a hearing before the magistrate judge, County of Kern also indicated that it consciously intended to delay its rebuttal expert disclosures pending testimony by plaintiffs' expert, apparently without regard for the court's scheduling deadline:

> COURT: As I understand from the various filings here, you did not timely notice rebuttal experts for two reasons: One is you were consciously delaying disclosure until after you had the benefit of affirmative expert evidence or testimony from the Plaintiffs.
>
> And, secondly, you've had a difficulty finding at the time, at least, one category, if not both categories, of rebuttal experts.  And on top of that, you were very busy with trials.
>
> Do I accurately have—those are the three grounds on which you're asking for mercy with respect to having failed to timely notice your rebuttal experts on October 12th?
>
> COUNSEL (COUNTY OF KERN): Yes, Your Honor.  That is an accurate summary.

Doc. 110 (Trans. at 5:3–16).  The magistrate judge also asked when County of Kern first informed Figueroa about its lack of rebuttal experts, and defense counsel conceded that "it was on

or about October 18th," after the October 12, 2023 disclosure deadline. *Id.* at 6:16–17.

County of Kern obtained several extensions to the scheduling order over the course of two years after the initial scheduling order was issued, and it had extensive time in which to procure experts. *See* docket. In its motion to the magistrate judge, County of Kern did not explain in meaningful detail what efforts it took to locate rebuttal experts before the expiration of the October 12, 2023 deadline. Doc. 100 at 5–6. Nor does the County explain in its motion for reconsideration why the expert it ultimately located could not have been timely identified and noticed. Doc. 108 at 4. As noted above, County of Kern also indicated to the magistrate judge, somewhat inconsistently, that it had consciously delayed disclosure of any rebuttal expert. Doc. 110 (Trans. at 5:3–16).

Accordingly, County of Kern has failed to show that the magistrate judge's ruling was clearly erroneous or contrary to law.

**IV.  CONCLUSION**

For the reasons set forth above, County of Kern's motion for reconsideration (Doc. 108) is denied.

IT IS SO ORDERED.

Dated:  January 10, 2025

_____
UNITED STATES DISTRICT JUDGE