UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE BENAVIDES FIGUEROA,<br><br>Plaintiff,<br><br>v.<br><br>KERN COUNTY, *et al.*<br><br>Defendants. | Case No. 1:19-cv-00558-KES-CDB<br><br>ORDER DENYING DEFENDANT DR. JAMES DIBDIN'S MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT AGAINST INSURERS<br><br>(Doc. 117) |

Pending before the Court is Defendant Dr. James Dibdin's ("Dibdin") motion for leave to file third-party complaint against insurers United National Insurance Company ("United National"), National Union Fire Insurance Company of Pittsburgh, PA. ("National Union"), American International Specialty Lines Insurance Company ("AISLIC"), and Fireman's Fund Insurance Company (Fireman's Fund") (hereinafter collectively, "Third-Party Defendants" or "Insurers") for all or part of Plaintiff Vicente Benavides Figueroa's ("Plaintiff") claims against Dibdin. (Doc. 117). Plaintiff does not oppose the motion. *Id*. at 4. Defendants Kern County, Robert Carbone, Gregg Bresson, and Ray Lopez did not file a response to Dibdin's motion.

**Background**

On April 29, 2019, Plaintiff initiated this action with the filing of a complaint in this Court asserting civil rights claims against Defendant County of Kern, various of its employees,

1  and other since-dismissed defendants.  (Doc. 1).  Plaintiff filed the operative third amended
2  complaint on September 20, 2021, in which he raised the following claims: (1) false evidence
3  violations under 42 U.S.C. § 1983, (2) joint action conspiracy under § 1983, (3) *Brady* violations
4  under § 1983, (4) joint action conspiracy in the reckless investigation in violation of Plaintiff's
5  due process right to a fair trial under § 1983, (5) *Monell* violations under § 1983, (6) respondeat
6  superior and vicarious liability for negligent hiring, failure to train supervision, promotion, and
7  retention under California Code § 815.2, (7) gross negligence, and (8) claim under California
8  Code § 52.1.  (Doc. 66)
9      On October 4, 2021, Dibdin filed an answer to the operative complaint with a crossclaim
10  against Kern County in which he seeks.  *See* (Doc. 67 at 52-53).  More than two years later (on
11  December 20, 2023), Dibdin filed the instant motion for leave to file third-party complaint
12  against insurers.  (Doc. 117).  Dibdin asserts claims for declaratory judgment, indemnification,
13  and breach of contract.  *Id*. at 18-19.  At the Court's direction shortly after Dibdin filed his
14  motion, the parties jointly indicated their support to participate in a Court-convened settlement
15  conference prior to ruling on the motion.  (Docs. 124, 126).  With the parties' consent, the Court
16  held Dibdin's motion in abeyance and stayed the case pending completion of a settlement
17  conference involving the parties and the Insurers.  (Docs. 127, 130, 132, 135, 137, 141, 146,
18  148).  When the settlement conference was completed without settling the case on December 10,
19  2024, the stay was lifted and the parties filed a joint report proposing further pretrial motion and
20  trial dates.  (Doc. 150, 153, 154).
21  **Legal Standard**
22      Federal Rule 14(a)(1) provides that "[a] defending party may as third-party plaintiff,
23  serve a summons and complaint on a [non-party] who is or may be liable to it for all or part of
24  the claim against.  But the third-party plaintiff must, by motion, obtain the court's leave if it files
25  the third-party complaint more than 14 days after serving its original answer."
26      The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity
27  for the defendant to bring a separate action against a third individual who may be secondarily or
28  derivatively liable to the defendant for all or part of the plaintiff's original claim."  *Sw. Adm'rs,*

2

*Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "[A] third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and the third-party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). The district court has discretion in determining whether a defendant should be granted leave to file a third-party complaint. *See Sw. Adm'rs*, 791 F.2d at 777.

In determining whether to exercise its discretion to permit impleader here, the Court first considers the derivativeness of Dibdin's proposed claims against the Insurers in the context of Plaintiff's claims against him, then considers whether impleader would promote judicial efficiency, and finally, considers the timeliness of Dibdin's motion.

**Discussion**

I. Whether Dibdin's Proposed Claims Derive From Plaintiff's Claims Against Him

In the operative complaint, Plaintiff alleges that Dibdin was employed by the Kern County Coroner's Office and acted within the course and scope of his respective duties and with the complete authority and, on information and belief, ratification of Kern County. (Doc. 66 at ¶ 17). Plaintiff asserts Dibdin falsely identified Consuelo Verdugo's cause of death. *Id.* at ¶ 34. Plaintiff claims Dibdin provided this false identification, either deliberately or with reckless disregard or deliberate indifference to District Attorney investigations, others in the District Attorney's office, and at trial. *See id.* at ¶¶ 117-33.

In contrast, Dibdin's third-party complaint alleges that the Insurers have wrongfully denied a duty to defend, reimburse defense costs, or indemnity Dr. Dibdin under a number of insurance policies. (Doc. 117 at 17).

As discussed above, "[t]he crucial characteristic of a Rule 14 claim is that [a] defendant is attempting to transfer to the third-party defendant the liability asserted against [it] by the original

3

plaintiff." *Stewart*, 845 F.2d at 200. "The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough," *id*. since "impleader is narrower, requiring an attempt to pass on to the third party all or part of the liability asserted against the defendant." *Uldricks v. Kapaa 382, LLC*, No. 07-00117 JMS/KSC, 2007 WL 2694409, at *4 (D. Haw. Sept. 11, 2007).

Here, Dibdin is not attempting to pass on liability but is instead claiming that the Insurers have a duty to defendant to indemnify him in this case. In his crossclaim filed October 4, 2021, Dibdin asserted Kern County had a duty to defend and indemnify him pursuant to California government and civil codes. (Doc. 67 at 52-53) (citing Cal Gov Code §§ 815.2, 815.4; Cal Civ Code §§ 2338, 2778(4)). Now, Dibdin asserts a duty to defend and indemnify him pursuant to a number of insurance policies and applicable laws. (Doc. 117 at 19). Dibdin claims the Insurers and/or Kern County have materially breached their duties and obligations under the insurance policies by wrongfully denying coverage and a defense to him. *Id*.

These alleged facts and circumstances demonstrate Dibdin cannot establish that his claims against the Insurers (principally, whether he is entitled to indemnity) derive from Plaintiff's claims against him (principally, whether Dibdin violated Plaintiff's civil rights). *See Swendsen v. Corey*, No. 1:09–CV–229–BLW, 2011 WL 1458441, at *6-8 (D. Idaho Apr. 15, 2011) (denying Rule 14 motion by defendant in breach of trust action who sought to implead attorneys for negligently representing him in the underlying case because the claims against the attorneys were "independent of [defendant's] duties to Plaintiff, as raised in Plaintiff's claims against him").

II. Whether Impleader Would Promote Judicial Efficiency

As set forth above, Plaintiff's claims principally assert civil rights violations against Defendants, including Dibdin. Enfolding Dibdin's proposed breach of contract and indemnity claims, likely governed by state law, would complicate an already complex action. Bringing in the Insurers as third-party defendants would not promote judicial efficiency in this case since it would not resolve Plaintiff's underlying claims, nor would it materially alter the adjudication of liability for Dibdin. *See e.g., Jorgensen Forge Corp. v. Associated Indem. Corp.*, No. C14-1524-JCC, 2015 WL 12030118, at *2 (W.D. Wash. Apr. 21, 2015) (defendant insurers' motion to

4

implead other insurers potentially liable to them for plaintiff's claims denied because "addition of third-party insurers will only draw out the proceedings, hampering judicial efficiency."); *cf. Universal Green Solutions, LLC v. VII Pac Shores Investors, LLC*, No. C-12-05613-RMW, 2013 WL 5272917, at *3 (N.D. Cal. Sept. 18, 2013) (granting leave to file third-party complaint where indemnification issues presented by impleader stemmed directly from the central breach of contract issues in the underlying action). Thus, the Court finds allowing Dibdin to file a third-party complaint against the insurers would likely complicate trial. *See Sw. Adm'rs*, 791 F.2d at 777 (affirming denial of motion for impleader where it "might well have complicated and lengthened the trial, and would have introduced the extraneous question of remedies in the third-party action").

III. Timeliness of the Motion to Implead

"Rule 14(a) contemplates adding a third-party defendant within 14 days after serving the original answer." *Helferich Patent Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp.2d 985, 989 (D. Ariz. 2013) (citing Fed. R. Civ. P. 14(a)(1)).

Dibdin argues his delay in seeking leave is not unreasonable as his counsel had extended correspondence with the Insurers, but no settlement conferences or private mediation has been held and for settlement efforts to be successful, the involvement of the Insurers is required. (Doc. 117 at 9).

Dibdin filed this motion over two years after Plaintiff filed the operative third-amended complaint. (Docs. 66, 117). Dibdin knew, or reasonably should have known about the potential claims against the Insurers long before December 20, 2023, and before the close of discovery, particularly given his crossclaim against Kern County for indemnity. *See Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127-28 (C.D. Cal. 2008) (denying leave where defendant waited three months from the time when it had clear notice of the third-party claim to request impleader); *Clarke v. Public Employee Union Local 1*, No. 16-cv-04954-JSC, 2017 WL 550231, at *3 (N.D. Cal. Feb. 10, 2017) (noting that courts in the Northern District have found lapses of time between three and six months after filing an answer to be timely). Therefore, this factor does not support allowing Dibdin to file a third-party complaint.

5

\*   \*   \*   \*   \*

In sum, the Court finds that the factors do not weigh in favor of allowing Dibdin to file his third-party complaint for declaratory judgment, indemnification, and breach of contract against the Insurers.

**Conclusion**

For the reasons set forth above. IT IS HEREBY ORDERED, Defendant Dr. James Dibdin's motion for leave to file third-party complaint against insurers (Doc. 117) is DENIED.

IT IS SO ORDERED.

Dated: **January 23, 2025**

UNITED STATES MAGISTRATE JUDGE